35695. CITY COUNCIL OF AUGUSTA *v.* HENRY *et al.*

DECIDED JULY 7, 1955.

*Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Harris, Chance & McCracken, Samuel E. Tyson,* contra.

FELTON, C. J. As to the tenancy of the defendant Henry, his own testimony concerning the agreement he had with the city concerning his tenancy of the living quarters was conflicting. At one point he testified that his tenancy was to continue for the duration of a written lease he had with the city on certain hangars at the airport. This written lease on the hangars was for a two-year tenancy. At another point he testified that there was no agreement with the city concerning the duration of his tenancy of the living quarters. In either event he was a tenant at will. A parol contract for the creation of the relationship of landlord and tenant for a period exceeding one year has the effect of creating a tenancy at will. Code § 61-102. Where no time is specified for the termination of the tenancy, a tenancy at will is created. Ga. L. 1952, p. 201 (Code, Ann. Supp., § 61-104).

As to the tenancy of the defendant Richards, his own testimony as well as that of others showed that no time was specified concerning the termination of his tenancy. Therefore, under Ga. L. 1952, p. 201, his was a tenancy at will.

The landlord gave notice to both defendants on September 28, 1954, to vacate the premises. The defendants did not vacate the premises within two months of the notice, and a dispossessory warrant was sued out on December 2, 1954. The notice was sufficient to terminate the tenancies at will. Code § 61-105.

The evidence demanded a finding for the plaintiff, and the court erred in denying the plaintiff's motion for a judgment notwithstanding the verdict.

*Judgment reversed. Quillian and Nichols, JJ., concur.*